UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   vs.<br><br>LUIS OLIVARES,<br><br>         Defendant. | CR. 10-50118-01-JLV<br><br>ORDER |

   Defendant Luis Olivares filed a motion asking the court to compel the government to disclose "the recordings of co-defendant's during interviews and the substance of plea agreements and cooperation agreements," "the cell phone records of Brian Walker and Precious Bartlett," the "IC Solutions Videos from the jail visits of [c]o-[d]efendants" and "the fingerprints found on the drug packages which have been previously determined not to be those of the [d]efendant . . . [and a] request[] that the fingerprints be run against those of Brian Walker . . . [and] turned over to the [d]efendant."  (Docket 1020 at pp.1-2).

   Pursuant to 28 U.S.C. § 636(b)(1)(A), the court referred this motion to Magistrate Judge Veronica L. Duffy for resolution.  (Docket 1021).  The magistrate judge issued an order denying Mr. Olivares' motion to compel in its entirety.  (Docket 1041).  Mr. Olivares timely filed objections to this order, seeking reconsideration of the magistrate judge's decision.  (Docket 1043). Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may only reconsider a pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A);

see also Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007). In her order of September 9, 2014, Magistrate Judge Duffy articulated her reasoning for denying the motion to compel and carefully assessed the law and its application to the facts of the case. Considering the entire record, the court concludes Magistrate Judge Duffy's order is not clearly erroneous or contrary to law.

Mr. Olivares objects to Magistrate Judge Duffy's conclusions as follows:

1. The government has not provided him with all of the recordings of co-defendants' interviews and he should be provided with a catalog of all recordings taken in this case;

2. Mr. Olivares modified his initial request for the cell phone records of Brian Walker and Precious Bartlett. Mr. Olivares requests not only the corporate produced cell phone records but also the text messages, pictures, web-searches and contacts on each of the co-defendants' cell phones;

3. Mr. Olivares modified his initial request for the video recordings of jail visits. Mr. Olivares requests all recordings of any phone call made by any co-defendant or jail visit by the government. Mr. Olivares further requests a catalog of all media, including recordings, pictures, digital information, computer files and any other type of media; and

4. Mr. Olivares modified his initial request that the identity of the fingerprints found on the drug packages be compared against those of Brian Walker. Mr. Olivares now requests the identity of the fingerprints found on the drug packages be compared with those of Brian Walker and Agent Derek Hill.

See Dockets 1020 & 1043.

Because Mr. Olivares objects to Magistrate Judge Duffy's conclusions and seeks to modify the discovery material sought beyond the scope of his original motion, the court treats the modifications as distinct discovery requests. Each objection and modification is examined in turn.

1.  **Recordings of Co-Defendants' Interviews**

Mr. Olivares asserts he has not been provided with all the recordings of co-defendant interviews.  (Docket 1043 at p. 1).  Mr. Olivares' objection is based on alleged discussions he had with co-defendants located in the Pennington County Jail.  Id.  Mr. Olivares includes in this request recorded interviews related to "subsequent arrest[s] on violations of the terms of supervised release and recorded debriefs."  Id.  Mr. Olivares also requests the government provide him with a catalog of all recordings made in this case.  Id. In its response to Mr. Olivares' objection, the government asserts that "[t]o [its] knowledge, [Mr. Olivares] has been sent all recorded interviews of both the [d]efendant and codefendants.  The United States is taking steps to verify this with law enforcement and will provide the [d]efendant any additional recordings, if they exist."  (Docket 1045 at p. 1); see also Docket 1040 at p. 1 (The government asserted it sent defense counsel "all recorded interviews in [its] possession.").

Magistrate Judge Duffy denied Mr. Olivares' discovery request as moot because the government certified it already provided "all such discovery in its possession to Mr. Olivares."  (Docket 1041 at p. 3).  To date, the government has twice certified it sent Mr. Olivares all of the recorded interviews of both he and the other co-defendants.  The government stated it is verifying with law enforcement that Mr. Olivares received all interview recordings to date and will provide Mr. Olivares with any additional recordings it finds.  For these reasons,

3

the magistrate judge's conclusion is not clearly erroneous or contrary to law. Defendant's objection on this basis is overruled.

Defendant's request for a catalog of all recordings of any kind made in this case is unnecessary as defendant has been, or will soon be, provided with the requested recordings. Defendant's request for a catalog of all recordings made in his case is denied.

As the magistrate judge explained, should the government uncover any exculpatory evidence related to Mr. Olivares, "[t]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment and not otherwise available to the defendant." United States v. Santisteban, 501 F.3d 873, 877 (8th Cir. 2007) (citing United States v. Bagley, 473 U.S. 667, 678 (1985); Brady v. Maryland, 373 U.S. 83, 87 (1963)). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including [law enforcement]." Kyles v. Whitley, 514 U.S. 419, 437 (1995). The court will hold government counsel to its obligations under Brady. If any member of the prosecution's team uncovers exculpatory evidence relating to Mr. Olivares, the evidence must be disclosed to him.

### 2. Discovery Regarding Cell Phones of Brian Walker and Precious Bartlett

Mr. Olivares modified his original discovery request regarding the cell phone records of Brian Walker and Precious Bartlett. Mr. Olivares requests not only the corporate produced cell phone records but also all "text messages, pictures, web-searches and contacts" on the cell phones of Brian Walker and

Precious Bartlett.  (Docket 1043 at p. 1).  Mr. Olivares asserts this discovery request is necessary to demonstrate "that the information . . . provided [by Brian Walker and Precious Bartlett] in their statements to law enforcement are [sic] untrue and that [Mr. Olivares] was not engaged in [the] activities he was accused of."  Id. at 2.  In its response to Mr. Olivares' objections, the government stated it "is providing to [Mr. Olivares] all information from the phones that it has in its possession.  [It] is verifying with law enforcement that there are no additional cell phones.  Any additional information from cell phones will be provided to [Mr. Olivares] as soon as it is received."  (Docket 1045 at pp. 1-2).

    Fed. R. Crim. P. 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>     (i)    the item is material to preparing the defense;
>
>     (ii)    the government intends to use the item in its case-in-chief at trial; or
>
>     (iii)    the item was obtained from or belonging to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

    Magistrate Judge Duffy analyzed Mr. Olivares' request for the cell phone records of Mr. Walker and Ms. Bartlett under Fed. R. Crim. P. 16(a)(1)(E) and concluded Mr. Olivares failed to make an initial *prima facie* showing of materiality.  (Docket 1041 at p. 4).  "Under Rule 16, evidence is material if there is a strong indication that it will play an important role in uncovering

admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." United States v. Graham, 83 F.3d 1466, 1474 (D.D. Cir. 1996) (citations and internal quotation marks omitted).  Magistrate Judge Duffy further concluded the government is "only required to produce those documents in its possession; it has no duty to obtain documents it does not possess." (Docket 1041 at p. 4) (citing United States v. Sarras, 575 F.3d 1191, 1215 (11th Cir. 2009); United States v. Hamilton, 107 F.3d 499, 509 n.5 (7th Cir. 1997)).

Mr. Olivares' unsupported, blanket assertion that the requested information demonstrates he was not engaged in the alleged activities, without more, does not satisfy the *prima facie* materiality showing required by Fed. R. Crim. P. 16(a)(1)(E).   Magistrate Judge Duffy's conclusion regarding the corporate cell phone records of Brian Walker and Precious Bartlett is not clearly erroneous or contrary to law.   Defendant's objection on this basis is overruled.

Nonetheless, the government acquiesced to Mr. Olivares' modified discovery request for the text messages, pictures, web-searches and contacts on the cell phones of Brian Walker and Precious Bartlett and is in the process of providing Mr. Olivares with "all information from the phones it has in its possession."  (Docket 1045 at p. 1).   Mr. Olivares' modified discovery request is denied as moot as the government has either already provided him with the requested discovery or soon will.   The court reminds government counsel of its ongoing obligation to disclose exculpatory material to the defendant under Brady.

6

**3.     Recordings of Jail Visits**

Mr. Olivares requests "any recordings of any phone call of any co-defendant or jail visit taken by the Government." (Docket 1043 at p. 2). Mr. Olivares also requests "a catalog of all media taken during the investigation of this case. . . . includ[ing] all recordings, pictures, digital information, computer files, or media of any other kind." Id. Mr. Olivares' earlier request was limited to the "IC Solutions Videos from the jail visits of [c]o-[d]efendants." (Docket 1020 at p. 1). In its response to Mr. Olivares' objection, the government asserts it "has provided all the audio recordings of codefendants' jail phone calls that it has in its possession." (Docket 1045 at  p. 2). The government stated it is verifying that no additional jail phone calls of co-defendants were obtained by law enforcement, and if any additional phone calls were requested from the jail, it will provide Mr. Olivares with recordings of those calls. Id. The government confirmed it "will also provide to [Mr. Olivares] a record of all discovery provided to date, and, if there are any differences, a catalog of media taken during the investigation that has not been given as part of discovery." Id.

With respect to the IC Solutions Videos Mr. Olivares originally requested, he "concedes that the jail visits do not have video recordings." (Docket 1043 at p. 2). "[T]he government does not have a duty to disclose items it does not possess." Sarass, 575 F.3d at 1215 (citations omitted). Magistrate Judge Duffy's conclusion in this regard is not clearly erroneous or contrary to law. Defendant's objection on this basis is overruled.

With respect to Mr. Olivares' request for all audio recordings of any co-defendant or jail visit by the government and a catalog of all media taken by

7

the government in its investigation, Mr. Olivares' discovery request is denied as moot. The government already provided, or soon will provide, Mr. Olivares with the discovery material he requests. The court reminds government counsel of its ongoing obligation to disclose exculpatory material to the defendant under Brady.

### 4. The Testing of Fingerprints Found on Drug Packages

Mr. Olivares requests that the fingerprints found on the drug packages be compared against those of Brian Walker and Agent Derek Hill. (Dockets 1043 at p. 2; 1045 at p. 2). Mr. Olivares' earlier request was limited to only Brian Walker. (Docket 1020 at p. 2). In its response to Mr. Olivares' objections, the government asserts it "has provided all of the information it has with regard to the fingerprints found on the drug packages, including that the fingerprints found do not match those of [Mr. Olivares]." (Docket 1045 at p. 3).

Fed. R. Crim. P. 16(a)(1)(F) provides:

> Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> > (i) the item is within the government's possession, custody, or control;
> >
> > (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and
> >
> > (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

Fed. R. Crim. P. 16(a)(1)(F)

Magistrate Judge Duffy assumed the materiality requirement of Fed. R. Crim. P. 16(a)(1)(F) was satisfied if Mr. Olivares' or someone else's fingerprints were affixed to the drug packages. (Docket 1041 at p. 7). The magistrate judge concluded Fed. R. Crim. P. 16(a)(1)(F)(i) only requires the government to disclose to a defendant an item that is within its "possession, custody, or control," Fed. R. Crim. P. 16(a)(1)(F)(i), and the government had not performed the fingerprint tests sought by Mr. Olivares. (Docket 1041 at p. 7).

In his objections to Magistrate Judge Duffy's conclusion, Mr. Olivares demonstrates why the testing and comparison of the fingerprints on the drug packages is material to preparing a defense to the charges against him. (Docket 1043 at pp. 2-3). However, Magistrate Judge Duffy's analysis took this into consideration as she did not deny Mr. Olivares' discovery request on the basis of materiality under Fed. R. Crim. P. 16(a)(1)(F)(iii). (Docket 1041 at p. 7). Rather, the magistrate judge denied Mr. Olivares' discovery request because Fed. R. Crim. P. 16(a)(1)(F)(i) does not require the government to disclose test results it does not have or to undertake additional scientific testing it has not already performed. Id. Mr. Olivares adduced no evidence indicating the government compared the fingerprints on the drug packages with those of Brian Walker or Derek Hill and withheld the results from him. Mr. Olivares' objection to the magistrate judge's conclusion is based only on his "belie[f] that such testing has already taken place and that he has been denied the access to such information."

9

(Docket 1043 at p. 3). The government twice certified it provided Mr. Olivares with all of the information it has regarding the fingerprints found on the drug packages. See Dockets 1040 at pp. 2-3; 1045 at p. 3.

For these reasons, Magistrate Judge Duffy's conclusion is not clearly erroneous or contrary to law. Defendant's objection regarding testing the fingerprints of Brian Walker is overruled. Defendant's request to test the fingerprints of Derek Hill is denied. The court reminds government counsel of its ongoing obligation to disclose exculpatory material to the defendant under Brady and its due-diligence obligation regarding the disclosure of scientific tests and reports under Fed. R. Crim. P. 16(a)(1)(F)(ii).

## CONCLUSION

Based on the above analysis, it is hereby

ORDERED that Magistrate Judge Duffy's order (Docket 1041) is not clearly erroneous or contrary to law.

IT IS FURTHER ORDERED that defendant's objections to the order denying his motion to compel (Docket 1043) are overruled.

IT IS FURTHER ORDERED that defendant's modified discovery requests (Docket 1043) are denied as moot.

Dated November 17, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE