UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUIS OLIVARES,<br><br>Defendant. | CR. 10-50118-01-JLV<br><br>ORDER DENYING MOTION TO QUASH JURY PANEL |

On December 8, 2014, defendant Luis Olivares filed a motion to quash the jury panel in this case. (Docket 1104). On December 9, 2014, the United States responded and requested that the court deny defendant's motion to quash the jury panel. (Docket 1107). Later on December 9, 2014, outside the presence of the jury, the court received oral argument from defendant and the United States.

The Sixth Amendment of the United States Constitution entitles criminal defendants to a trial by jury. U.S. Const. amend. VI. "[T]he selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." Taylor v. Louisiana, 419 U.S. 522, 528 (1975); see also Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-1869. A defendant asserting an infringement on his constitutional right to a jury drawn from a fair cross section of the community must satisfy the *prima facie* test first set forth in Duren v. Missouri, 439 U.S. 357, 364, (1979). "To establish a *prima facie* violation of the fair-cross-section

requirement . . . a defendant must prove that: (1) a group qualifying as 'distinctive' (2) is not fairly and reasonably represented in jury venires, and (3) 'systematic exclusion' in the jury-selection process accounts for the underrepresentation."  Berghuis v. Smith, 559 U.S. 314, 327 (2010) (citing Duren, 439 U.S. at 364.  "However, once the defendant has made a *prima facie* showing of an infringement of his constitutional right to a jury drawn from a fair cross section of the community, it is the State that bears the burden of justifying this infringement by showing attainment of a fair cross section to be incompatible with a significant state interest."  Duren, 439 U.S. at 368 (citing Taylor, 419 U.S. at 533–35 (emphasis added).

    The jury in Mr. Olivares' case was selected on December 1, 2014.  Mr. Olivares, through his attorney, participated in the *voir dire* of the prospective jurors and in the ultimate selection of the jurors chosen in this case.  Mr. Olivares did not challenge the composition of the jury venire until December 8, 2014, seven days after the jury was selected.  The jury venire in this case was randomly selected from the jury wheel maintained by the Clerk of Court.  The jury wheel for the Western Division of the District of South Dakota is comprised of all registered voters living in the Western Division.  Plan for the Random Selection of Grand and Petit Jurors, at 3-4 (D.S.D. July 22, 2008), *available at* http://www.sdd.uscourts.gov/sites/sdd/files/juryplan72208.pdf.

    Mr. Olivares failed to adduce any evidence indicating the court's jury wheel systematically excludes minorities from jury panels.  Mr. Olivares generally

asserts the jury venire appearing on December 1, 2014, "was not a fair cross-section of the community as required by the Amendment VI of the United States Constitution" . . . . and "was underrepresented by minorities and should have included at least 7 [of] the 50 [prospective] jurors as minorities."  (Docket 1104 at ¶¶ 2 & 13).[1]  Mr. Olivares further asserts the cold weather and economic conditions in the far eastern portion of the Western Division, presumably including Pine Ridge and Rosebud, systematically excluded minorities from attending jury service on December 1, 2014.  Id. at ¶¶ 1, 13-15.  Mr. Olivares' arguments are unavailing.

The United States Court of Appeals for the Eighth Circuit "consistently upheld the use of voter registration lists in the selection of jury pools."  United States v. Morin, 338 F.3d 838, 844 (8th Cir. 2003); see also id. ("Absent proof that Native Americans, in particular, face obstacles to voter registration in presidential elections, '[e]thnic and racial disparities between the general population and jury pools do not by themselves invalidate the use of voter registration lists and cannot establish the "systematic exclusion" of allegedly under-represented groups.' ") (quoting United States v. Sanchez, 156 F.3d 875, 879 (8th Cir. 1998)).  Furthermore, the court frequently has jurors appear from the Pine Ridge Indian Reservation and is aware of the constant flow of travel between the Pine Ridge Reservation and Rapid City.

---

[1]The court notes that two of the jurors selected to serve in this case self-identify, at least in part, as having Native American lineage.

3

Defendant failed to establish a *prima facie* violation of his right to a jury drawn from a fair cross section of the community and his motion to quash the jury panel must be denied.  Accordingly, and good cause appearing, it is hereby

ORDERED that the motion (Docket 1104) is denied.

Dated December 10, 2014.

> BY THE COURT:
>
> /s/ *Jeffrey L. Viken*
> JEFFREY L. VIKEN
> CHIEF JUDGE