UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LUIS OLIVARES,<br><br>                    Defendant. | CR. 10-50118-01-JLV<br><br><br>ORDER |

## INTRODUCTION

On November 4, 2014, prior to the start of defendant Luis Olivares' jury

trial, the government filed an information pursuant to 21 U.S.C. § 851 identifying

two prior felony drug convictions of Mr. Olivares:

> 1) controlled substance conspiracy, judgment entered in District
>    Court, Adams County, Colorado on or about December 3, 2003
>    (Case No. 2003CR002076); and
>
> 2) possession of more than one gram of a Schedule II controlled
>    substance, amended judgment entered in District Court,
>    Arapahoe County, Colorado on or about April 19, 2006 (Case No.
>    D0032004CR003021).

(Docket 1058).

Section 841(b)(1)(A) of Title 21 of the United States Code provides "[i]f any

person commits a violation of this subparagraph . . . after two or more prior

convictions for a felony drug offense have become final, such person shall be

sentenced to a mandatory term of life imprisonment without release and fined in

accordance with the preceding sentence."   21 U.S.C. § 841(b)(1)(A).

Mr. Olivares' jury trial began on December 1, 2014.   (Clerk's Minutes).
Mr. Olivares was found guilty of conspiracy to distribute a controlled substance
(count 1) in violation 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); possession
with intent to distribute a controlled substance (count 5) in violation of 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(A); and distribution of a controlled substance (count
6)[1] in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[2]   (Docket 1118).   If the
sentencing enhancements are applied, Mr. Olivares' conviction on counts 1 and
5 call for a sentence of mandatory life in custody.[3]

On March 5, 2015, Mr. Olivares filed objections to the government's § 851
information.   (Docket 1132).   On May 15, 2015, the government filed a

---

[1]The court notes that count 6 in the verdict form (Docket 1118) represents count 9 in the superseding indictment.   (Docket 22).   Although count 6 charged Mr. Olivares' with violating 21 U.S.C. § 841(b)(1)(A) (Docket 22 at pp. 5-6), the jury determined Mr. Olivares was only responsible for distributing 50 grams or more but less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers in violation of § 841(b)(1)(B).   See Docket 1118 at p. 2.

[2]The jury also convicted Mr. Olivares of possessing a firearm in furtherance of a drug trafficking crime (count 2) in violation of 18 U.S.C. § 924(c)(1)(A), felon in possession of a firearm (count 3) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and fugitive in possession of a firearm (count 4) in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2).

[3]Mr. Olivares' conviction on count 6 also carries a sentencing enhancement of a mandatory ten years in custody if he is found to have committed a prior felony drug offense and the conviction has become final.   See 21 U.S.C. § 841(b)(1)(B).   The court's sentencing enhancement analysis, whether it is mandatory life in custody following Mr. Olivares' convictions under § 841(b)(1)(A) (counts 1 and 5) or a mandatory ten years in prison following his conviction under § 841(b)(1)(B) (count 6), is the same.   Because counts 1 and 5 carry a sentence of mandatory life in custody, the court's analysis is limited to them.

response to Mr. Olivares' objections.   (Docket 1156).   On May 22, 2015, Mr. Olivares filed a brief in reply to the government's response to his objections to the application of a sentencing enhancement under §§ 841(b)(1)(A) and 851. (Docket 1160).   Also on May 22, 2015, Mr. Olivares filed a *pro se* brief in reply to the government's response to Mr. Olivares' objections to the application of a sentencing enhancement under §§ 841(b)(1)(A) and 851.   (Docket 1159).   On May 27, 2015, prior to Mr. Olivares' sentencing, the court held a hearing to establish the validity of Mr. Olivares' two prior felony drug convictions.

For the reasons set forth below and as iterated by the court at Mr. Olivares' § 851 hearing, the court finds, pursuant to §§ 841(b)(1)(A) and 851, Mr. Olivares is subject to a sentence of mandatory life in custody on counts 1 and 5.

## 1.    Adequacy of the Government's § 851 Information

"To obtain a sentencing enhancement based on a defendant's earlier conviction, the Government must comply with the notice requirements of 21 U.S.C. § 851(a)."   United States v. Curiale, 390 F.3d 1075, 1076 (8th Cir. 2004) (citing United States v. Stallings, 301 F.3d 919, 920 (8th Cir. 2002)). Section 851 of Title 21 of the United States Code provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851.

3

"The purpose of notice under § 851 is to comply with the requirements of due process." United States v. Roundtree, 534 F.3d 876, 881 (8th Cir. 2008) (citing Curiale, 390 F.3d at 1076). "The information must give the defendant reasonable notice of the Government's intent to rely on a particular conviction and a meaningful opportunity to be heard." Curiale, 390 F.3d at 1076-77 (citing Perez v. United States, 249 F.3d 1261, 1266 (11th Cir. 2001); United States v. King, 127 F.3d 483, 489 (6th Cir. 1997)). "To satisfy the procedural and notice requirements of the § 851(a) information, the government must file its information before jury selection begins, thus allowing the defendant ample time [. . .] to go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." United States v. Stallings, 301 F.3d 919, 920-21 (8th Cir. 2002) (internal quotation marks and citations omitted) (alterations in original) (In Stallings, the United States Court of Appeals for the Eighth Circuit held that filing a § 851 information four days prior to trial satisfied the "notice" threshold.).

Notice is sufficient if a defendant receives 'notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction.' " Roundtree, 534 F.3d at 881 (quoting United States v. Timley, 443 F.3d 615, 626 (8th Cir. 2006)). When interpreting § 851, courts should be "careful not to elevate form over substance." Curiale, 390 F.3d at 1077 (citations and internal quotation marks omitted). "An information complies with the requirements of § 851(a) even if it contains an error in its contents as

4

long as the information serves to convey the Government's intent to seek an enhancement based on a particular earlier conviction." Curiale, 390 F.3d at 1076-77 (citing Perez, 249 F.3d at 1265).   "[U]nder the plain language of § 851(a), clerical mistakes in the information may be corrected by amendment before sentencing.   The statute does not define the term 'clerical error,' but the Third Circuit has held an information's listing of an earlier crime as involuntary rather than voluntary manslaughter is a clerical mistake capable of correction under § 851(a)(1)."   Id. at 1077 (citing Weaver, 267 F.3d at 248.

The government's § 851 information was timely filed.   The government filed its § 851 information on November 4, 2014, well before the start of Mr. Olivares' trial on December 1, 2014.   The government's § 851 information was sufficient to put Mr. Olivares on notice of the potential effect his prior convictions would have on the maximum punishment he would face if convicted on the current charges.[4]   The sufficiency of the government's notice also is exemplified by Mr. Olivares filing objections challenging the government's information.[5] (Dockets 1132 & 1160).

---

[4]The court's recognition of a final conviction date for Mr. Olivares' Adams County, Colorado, conviction which was later than the date provided by the government on the § 851 information, see infra Part 2.b., does not alter the fact that Mr. Olivares was put on notice that his prior convictions would be used for sentencing enhancement purposes.

[5]The government's § 851 information was appropriate in Mr. Olivares' case as he was "afforded prosecution by indictment for the offense for which such increased punishment may be imposed."   21 U.S.C. § 851(a)(2).

2. **Section 851 Hearing**

    a.     **General Section 851 Law and Structure of the Hearing**

Section 851(b) "requires the court, prior to imposing a sentence, to inquire of the defendant whether he or she contests the validity of any of the prior enhancing convictions in the information." United States v. Dickerson, 514 F.3d 60, 64 (1st Cir. 2008) (citing 21 U.S.C. § 851(b)). "The court must inform the defendant that any challenge to a prior conviction which is not made before a sentence is imposed may not be raised thereafter to attack the sentence." Id.

> [T]he court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
>
> If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.
>
> A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity

in his response to the information.   The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response.   Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

21 U.S.C. § 851.

Because Mr. Olivares timely filed objections to the government's § 851 information (Dockets 1132 & 1160),[6] the court allowed the government to first present evidence of Mr. Olivares' prior felony drug convictions.

> **b.    Government's Burden of Proof: The Existence of Prior, Final Felony Drug Convictions**

"[T]he United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact."   21 U.S.C. § 851.   The Eighth Circuit affirmed a district court's review of certified records of a defendant's prior convictions when determining whether the prior offenses qualified as prior "felony drug offense[s]."   United States v. Ramon-Rodriguez, 492 F.3d 930, 940

---

[6]Because Mr. Olivares was represented by counsel, the court does not consider his *pro se* response (Docket 1159) to the government's § 851 information.   See United States v. White, No. 14-3137, 2015 WL 2343047, at *5 n.2 (8th Cir. 2015) (unpublished) ("[The defendant] also filed a pro se motion to supplement the brief filed by counsel.   Consistent with our normal practice, we deny her motion.") (citations omitted); United States v. McIntosh, 492 F.3d 956, 961 n.2 (8th Cir. 2007) ("We generally do not accept pro se motions or briefs when an appellant is represented by counsel . . . .") (citing United States v. Payton, 918 F.2d 54, 56 n.2 (8th Cir. 1990); Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party.") (citations omitted); United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel.") (citations omitted).

(8th Cir. 2007). "Under <u>Shepard v. United States</u>, 544 U.S. 13, 205 (2005), a sentencing court is not constrained to look only at the statutory elements of the offense, but may look to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between the judge and defendant . . . or to some comparable judicial record of this information." <u>Id.</u> at 940 (internal quotation marks and citations omitted).

The Eighth Circuit held a district court is entitled to rely on evidence presented at trial suggesting the defendant and the person named in the prior convictions is the same person. <u>See</u> <u>United States v. Sanchez-Garcia</u>, 461 F.3d 939, 948 (8th Cir. 2006) (quoting <u>United States v. Bledsoe</u>, 445 F.3d 1069, 1073 (8th Cir. 2006)) ("Having presided over the trial, the district court was entitled to rely on this evidence at sentencing."). It is also "well-established that the sentencing court may, consistent with the Sixth Amendment, find both the fact of a prior conviction, as well as facts 'intimately related' to that prior conviction." <u>Id.</u> at 947 (quoting <u>United States v. Carrillo-Beltran</u>, 424 F.3d 845, 847-48 (8th Cir. 2005), *cert. denied*, 546 U.S. 1193 (2006)).

"The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44); <u>see</u> <u>also</u> <u>United States v. Young</u>, 960 F. Supp. 2d 881, 894 (N.D. Iowa 2013).

The determination of what constitutes a "final conviction" for purposes of § 841(b)(1)(A) is a question of federal law.   See United States v. Slicer, 361 F.3d 1085, 1087 (8th Cir. 2004) (holding a state felony drug conviction in which the defendant served supervised probation and received a suspended sentence constituted a final conviction); United States v. Franklin, 250 F.3d 653, 665 (8th Cir. 2001) ("[D]eferred adjudications or probated sentences constitute convictions in the context of § 841.") (internal quotation marks and citations omitted); United States v. Ortega, 150 F.3d 937, 947-48 (8th Cir. 1998) (holding a defendant's prior felony conviction in which he received a suspended sentence and supervised probation qualified as a final conviction under federal law for purposes of § 841(b) despite the offense not being considered a final conviction under Missouri state law); but see Stallings, 301 F.3d at 920-22 (The Eighth Circuit looked to California state law and federal law in determining that a sentencing enhancement based on a prior state felony drug offense was improper because the defendant received a sentence of three years of probation, which was not revoked, a suspended custody sentence, and no judgment had been entered against the defendant.).

At Mr. Olivares' trial, the court admitted certified copies of Mr. Olivares' Colorado Department of Corrections records which included a photo of Mr. Olivares and the offenses for which he was convicted in Colorado (Exhibit 1A); a fingerprint card of Mr. Olivares associated with exhibit 1A (Exhibit 1AA); a certified copy of Mr. Olivares' Adams County, Colorado, felony drug conviction

(Exhibit 1B); a certified copy of Mr. Olivares' Arapahoe County, Colorado, felony drug conviction (Exhibit 1C); a certified copy of Mr. Olivares' Adams County, Colorado, escape charge (Exhibit 1D); and a fingerprint card associated with Mr. Olivares' federal case (Exhibit 19).[7]

Mr. Olivares pled guilty to and was convicted of conspiracy to distribute cocaine, a schedule II controlled substance (no drug quantity was indicated in the judgment) in violation of C.R.S. § 18-18-405(1), (2)(a)(I), in Adams County, Colorado.   (Exhibit 1B at p. 4, 7).   At the time of Mr. Olivares' conviction, his offense was classified as a "F3," or a "class 3 felony."   Id.; see also Colo. Rev. Stat. § 18-18-405(2)(a)(I)(A) (Colorado has repealed or amended portions of its criminal anti-drug laws on multiple occasions since Mr. Olivares was convicted and sentenced under C.R.S § 18-18-405(1), 2(a)(1).   The most recent iteration of the statute can be found at C.R.S. § 18-18-405.).

The "presumptive range[] of penalties that [were] authorized upon conviction" of a class 3 felony were a minimum of four years imprisonment and a maximum of twelve years imprisonment with a mandatory five-year period of parole.   Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A).   Mr. Olivares was originally convicted on December 3, 2003, and was sentenced to three years of probation. (Exhibit 1B at pp. 1, 7, 11).   Mr. Olivares' probation was subsequently revoked and on January 17, 2006, he was convicted and resentenced to the custody of the Colorado Department of Corrections for a three-year term of imprisonment.

_____

[7]At the § 851 hearing, copies of trial exhibits: 1A, 1AA, 1B, 1C and 1D were admitted and marked as Exhibit 150.

Id. at p. 7.   The court finds Mr. Olivares' prior conviction in Adams County, Colorado, qualifies as a prior felony drug conviction under § 841(b)(1)(A).

With regard to his Arapahoe County, Colorado, conviction, Mr. Olivares pled guilty to and was convicted of possession of less than one gram methamphetamine, a schedule II controlled substance (Mr. Olivares actually possessed 3.090 grams of methamphetamine) in violation of C.R.S. § 18-18-405(1), (2.3)(a)(I).   (Exhibit 1C at pp. 1, 3, 9).   At the time of Mr. Olivares' conviction, his crime was classified as a "F6," or a "class 6 felony."   Id. at 1; see also Colo. Rev. Stat. § 18-18-405(2.3)(a)(I) (Colorado has repealed or amended portions of its criminal anti-drug laws on multiple occasions since Mr. Olivares was convicted and sentenced under C.R.S § 18-18-405(1), (2.3)(a)(1). The most recent iteration of the statute can be found at C.R.S. § 18-18-405.).

The "presumptive range[] of penalties that [were] authorized upon conviction" of a class 6 felony were a minimum of one year imprisonment and a maximum of eighteen months imprisonment with a mandatory one-year period of parole.   Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A).   Mr. Olivares was originally convicted on May 23, 2005, and was sentenced to an eighteen month term in Colorado community corrections.   (Exhibit 1C at pp. 1, 3).   Mr. Olivares' sentence was subsequently revoked and he was resentenced to the custody of the Colorado Department of Corrections for a period of eighteen months to run concurrent with his Adams County, Colorado, sentence.   Id. at p. 1.   A judgment of conviction was entered on April 24, 2006, with a *nunc pro tunc* date

of April 19, 2006.   Id.   The court finds Mr. Olivares' prior conviction in Arapahoe County, Colorado, qualifies as a prior felony drug conviction under § 841(b)(1)(A).

Based on its review of the exhibits admitted at trial and at the § 851 hearing and on the testimony presented at trial and at the § 851 hearing, the court finds the government has proven beyond a reasonable doubt that Mr. Olivares was previously convicted of two felony drug offenses.

For purposes of the statute of limitations imposed by § 851(e), see infra, the court considers Mr. Olivares' Adams County and Arapahoe County convictions to have become final on January 17, 2006, and April 19, 2006, respectively.

### c.     Mr. Olivares' Challenges to his Prior Felony Drug Convictions

After the government produced evidence in support of the § 851 information, the court inquired whether Mr. Olivares affirmed or denied his prior convictions.   Mr. Olivares denied the prior convictions.   In addition to his written objections (Docket 1132 & 1160), Mr. Olivares raised several oral challenges to his prior convictions.

Mr. Olivares challenges the validity of both his Adams County and Arapahoe County convictions on the basis that his right to a speedy trial was violated, a busy court calendar caused him to make a plea agreement with the government, he received ineffective assistance of counsel, he was not a United States citizen and should have been advised and given an opportunity to contact

12

the Consular General of Mexico, and he was unaware that his plea agreements would later be used for sentencing enhancement purposes in federal court. (Docket 1132).   Mr. Olivares also asserts he was not competent at the time of either conviction.   Id.   Specific to the Arapahoe County conviction, Mr. Olivares asserts: he was wearing someone else's pants when the methamphetamine was found in the pockets; State witnesses admitted to falsifying evidence; and the State never presented Mr. Olivares with exculpatory discovery evidence or advised him of the status of other codefendants' cases.   Id.

At the § 851 hearing, Mr. Olivares attacked the validity of his prior convictions on the basis he had previously undertaken efforts personally, and with the help of an attorney, to challenge his prior convictions.   Mr. Olivares challenged the validity of his prior convictions on the basis that he was a foreign national at the time of the prior convictions and he was not advised of his right to contact the Consular General of Mexico.   Mr. Olivares further asserted because this court previously found him incompetent, he was also incompetent at the time of his prior convictions.[8]   Mr. Olivares asserts the government filed the § 851 information as a means of punishing him for exercising his right to proceed to trial.   Mr. Olivares presented no evidence in support of either his written or oral assertions.

---

[8]On May 30, 2014, the court found Mr. Olivares competent to stand trial. (Docket 1019).

With regard to the five-year statute of limitations called for by § 851(e), Mr. Olivares argued the government cannot wait to file a § 851 information until the expiration of the five-year statute of limitations period, but rather should file the information contemporaneously with the indictment.   See 21 U.S.C. § 851(e). Mr. Olivares argued the court's initial determination that he was incompetent to stand trial tolls the statute of limitations by which a defendant must challenge the validity of a prior conviction under § 851.[9]

Mr. Olivares' objections, both written and oral, to the government's § 851 information must fail due to the running of the five-year statute of limitations provided for by § 851(e), the application of United States v. Rounsavall, 115 F.3d 561 (8th Cir. 1997) and the lack of evidence Mr. Olivares provided in support of his assertions.   Section 851(e) provides:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e).

"Although § 851 [(c)] allows a defendant to attack a prior conviction . . . [§ 851(e)] precludes challenges to convictions which occurred more than five years before the date of the information alleging such prior conviction."   United States v. Henderson, 613 F.3d 1177, 1185 (8th Cir. 2010) (quoting Rounsavall,

---

[9]The court accepted as an offer of proof the representations of Mr. Olivares' current attorney that Mr. Olivares previously contracted with an attorney from Colorado to investigate the background of Mr. Olivares' prior convictions for purposes of challenging their validity under § 851.

14

115 F.3d at 566, *quoting* 21 U.S.C. § 851(e)) (internal quotation marks omitted) (citing <u>United States v. Samuels</u>, 543 F.3d 1013, 1020 (8th Cir. 2008) (further citations omitted).   The Eighth Circuit determined the "five-year limitation, however, does not apply to claims that a defendant's predicate conviction occurred in violation of the defendant's right to counsel."   <u>Ramon-Rodriguez</u>, 492 F.3d at 939 (citing <u>Custis v. United States</u>, 511 U.S. 485, 494-96 (1994)).

Mr. Olivares does not allege, nor could he, that he was not appointed counsel at the time of his prior convictions.   <u>See</u> Exhibit 1B at p. 7 (Mr. Olivares was represented by Rachel Lanzen in his Adams County case.); Exhibit 1C at pp. 1 & 4 (Mr. Olivares was represented by Jackie Guesno and Gina Shimeall in his Arapahoe County case.).

Even when the court considers Mr. Olivares' prior convictions to have become final on the dates most favorable to Mr. Olivares, namely January 17, 2006, for the Adams County conviction and April 19, 2006, for the Arapahoe County conviction, the convictions became final more than five years before November 4, 2014, the date the government filed the § 851 information in this case.   Furthermore, the court notes that as of April 20, 2012, the date the court initially found Mr. Olivares to be "mentally incompetent to the extent he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," (Docket 704 at p. 2), the five-year period in which Mr. Olivares could challenge the validity of his prior convictions under

§ 851(e) already expired.   Mr. Olivares' objections to the government's § 851 information are therefore time-barred by the five-year statute of limitations imposed by § 851(e).

The Eighth Circuit's decision in Rounsavall also bars Mr. Olivares' objections to the government's § 851 information.   "Without statutory authority, a defendant cannot collaterally attack prior convictions used to enhance his sentence."  Rounsavall, 115 F.3d at 566 (citing Custis, 511 U.S. at 487 (The Custis Court analyzed a defendant's ability to collaterally attack the validity of a prior state conviction used as part of a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. 924(e).).   "The Supreme Court distinguished ineffective assistance of counsel claims from denial of counsel claims, and excluded only the latter from the general rule against collaterally attacking prior convictions used to enhance a sentence."   Rounsavall, 115 F.3d at 566 n.2; see also Custis, 511 U.S. at 496 ("[T]here has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect.   Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a 'stipulated facts' trial.   None of the constitutional violations alleged by Custis, including the claimed denial of effective assistance of counsel, rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all.").

The Eighth Circuit's decision in Rounsavall operates to bar collateral attacks on prior convictions used for sentencing enhancement purposes under §§ 841(b)(1)(A) and 851.   Mr. Olivares' written and oral objections to the government's § 851 information amount to collateral attacks on the validity of his prior Adams County and Arapahoe County convictions.   Therefore, in addition to Mr. Olivares' objections being time-barred, they also are impermissible collateral attacks on prior convictions under Rounsavall.

The court inquired of Mr. Olivares whether he had further objections or challenges to the government's § 851 information beyond those already raised orally and in writing and provided Mr. Olivares with an opportunity to present evidence in support of his assertions.   Mr. Olivares indicated he had no further objections with the exception of an offer of proof made by his attorney, see supra footnote 9.   He presented no evidence in support of his written and oral challenges to the § 851 information.   See 21 U.S.C. § 851(c)(2) ("The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response.").

The court specifically notes Mr. Olivares presented no evidence indicating that because the court found him incompetent as of April 20, 2012, (Docket 704 at p. 2) he also was incompetent during his Adams County and Arapahoe County proceedings which resulted in the final convictions of January 17, 2006, and April 19, 2006, respectively.   The court finds Mr. Olivares failed to demonstrate

17

by a preponderance of the evidence the existence of the factual issues raised in his written and oral objections to the government's § 851 information.

The court finds Mr. Olivares' objections are time-barred by the five-year statute of limitations imposed by § 851(e), amount to an impermissible collateral attack on the validity of Mr. Olivares' prior felony drug convictions under Rounsavall, and that Mr. Olivares failed to demonstrate by a preponderance of the evidence the existence of the factual issues raised in his objections.

## ORDER

For the reasons set forth above and as articulated by the court at Mr. Olivares' 21 U.S.C. § 851 hearing, the court finds Mr. Olivares is subject to a sentence of mandatory life in custody on counts 1 and 5 by reason of his two prior felony drug convictions.

Dated July 21, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE

18