UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>LUIS OLIVARES,<br><br>     Defendant. | CR. 10-50118-01-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Luis Olivares, appearing *pro se*, filed a motion for compassionate release pursuant to the statutory provisions of the First Step Act,[1] particularly an amendment to 18 U.S.C. § 3582(c)(1)(A).[2]  (Docket 1398). In a supplemental submission, Mr. Olivares seeks First Step Act relief asserting he should no longer be classified as a career offender under 18 U.S.C. § 851, because his prior drug offense convictions should not be considered a "valid basis for enhancement purposes[.]"  (Docket 1403 at p 1).  The government opposes Mr. Olivares' motions.  (Dockets 1402 & 1407).  For the reasons stated below, Mr. Olivares' motions are denied in part and stayed in part.

---

[1]On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act") was signed into law.  United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

[2]Mr. Olivares, appearing *pro se*, separately filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, asserting issues unrelated to the present motions.  See Olivares v. United States, CIV. 18-5012 (D.S.D. 2018).

## FACTUAL BACKGROUND

In January 2011, a grand jury charged Mr. Olivares and 15 co-defendants in a multi-count indictment.[3] (Docket 22). Count I charged Mr. Olivares with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846. Id. at pp. 1-2. In counts II, III and IV, Mr. Olivares was charged with possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); and being a fugitive from justice in possession of firearms in violation of U.S.C. §§ 922(g)(2) & 924(a)(2), respectively.[4] Id. at pp. 2-4. In count V, Mr. Olivares and one co-defendant were charged with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A).[5] Id. at pp. 4-5. In count IX, Mr. Olivares was charged with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Id. at pp. 5-6. In count X, Mr. Olivares was charged with distribution of

---

[3]The convictions and sentences imposed on the 15 co-defendants are discussed later in this order.

[4]Counts II-IV involved the same seven firearms. See Dockets 22 at pp. 2-4 & 1086 at pp. 17, 20 & 23.

[5]In counts VI, VII and VIII co-defendants of Mr. Olivares were charged with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) or 841(b)(1)(C). (Docket 22 at pp. 4-5).

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[6] Id. at p. 6.

Thirty-eight days before trial, the government filed an information pursuant to 21 U.S.C. § 851 ("851 Information"). (Docket 1058). The 851 Information alleged Mr. Olivares had two prior felony drug convictions. Id. Those alleged convictions were identified as:

(1) A judgment of conviction entered in District Court, Adams County, Colorado, on or about December 3, 2003, for a controlled substance conspiracy, Case No. 2003CR002076. Id.; see also Docket 1058-1 ("Adams County conviction"); and

(2) An amended judgment of conviction entered in District Court, Arapahoe County, Colorado, on or about April 19, 2006, for possession of more than one gram of a Schedule II controlled substance, Case No. D0032004CR002031 ("Arapahoe County conviction") (Dockets 1058 & 1058-2).

During the pretrial conference, the court found the government timely provided notice of its intent to seek an enhanced punishment pursuant to 21 U.S.C. § 851(a). (Docket 1076 ¶ A).

On December 10, 2014, following an eight-day trial, Mr. Olivares was found guilty of the following offenses:

---

[6]In counts XI and XII, two of Mr. Olivares' co-defendants were charged with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Docket 22 at p. 6). In counts XIII through XX, six of Mr. Olivares' co-defendants were charged with the use of a communication facility in causing and facilitating the commission of the acts of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 843(b). Id. at pp. 6-7.

3

    Count 1:    Conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 & 851;

    Count 2:    Possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A);

    Count 3:    Felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2);

    Count 4:    Fugitive in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(2) & 924(a)(2);

    Count 5:    Possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 851; and

    Count 9:    Distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) & 851.

(Dockets 22[7] & 1118).[8]

The court ordered the preparation of a presentence report ("PSR") in advance of sentencing. (Docket 1124). A PSR was prepared. (Docket 1157). At the sentencing hearing on May 27, 2015, the court considered the arguments and submissions of the parties on the 851 Information. (Docket

---

[7]Prior to trial, the court granted the government's motion and dismissed counts VI, VII, VIII and X of the superseding indictment as those counts related to Mr. Olivares and six co-defendants. (Docket 401).

[8]To avoid jury confusion and prejudice to the defendant, count IX of the superseding indictment was identified as count 6 in the court's jury instructions and the verdict form.

1207 at pp. 9-28). The court found both prior drug offense convictions valid.[9] Id. at pp. 27:19-28:8. At the time of Mr. Olivares's conviction and sentence, 21 U.S.C. § 841(b)(1)(A) provided "[i]f any person commits a violation under this subparagraph . . . after two or more prior convictions for a felony drug offense[10] have become final, such person shall be sentenced to a mandatory term of life imprisonment without release[.]"[11]

At sentencing, the court imposed the following sentences:

| | | |
|---|---|---|
| Count I | Conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 & 851 | Life concurrent to counts 3, 4 & 9 |
| Count 2 | Possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) | Five years consecutive to all other counts |
| Count 3 | Felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Ten years concurrent to counts 1 & 5 |
| Count 4 | Fugitive in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(2) & 924(a)(2) | Ten years concurrent to counts 1 & 5 |
| Count 5 | Possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 851 | Life concurrent to counts 3, 4 & 9 |

---

[9]The court filed a written order addressing the 851 Information. (Docket 1182).

[10]"The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (Docket 1182 at p. 8) (citing 21 U.S.C. § 802(44)).

[11]See Federal Criminal Code and Rules, Thomson Reuters West Law (2014 ed.).

| Count 9 | Distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) & 851 | Ten years concurrent to counts 1 & 5 |

(Docket 1166 at pp. 1-2). Because of the life sentences, the court imposed no term of supervised release. Id. at p. 3.

On June 5, 2015, Mr. Olivares appealed the convictions and judgment to the United States Court of Appeals for the Eighth Circuit. (Docket 1168). On December 9, 2016, the Eighth Circuit affirmed the convictions and the judgment of the court. (Docket 1297; see also United States v. Olivares, 843 F.3d 752 (8th Cir. 2016)).

**ANALYSIS**

While Mr. Olivares' submissions assert several collateral arguments, involving a number of conspiracy theories and allegations against nearly everyone who had any involvement in his case, there are two concrete arguments which must be addressed. These arguments relate to section 401 and 404 of the First Step Act.

A.   SECTION 404

The supplement to Mr. Olivares' motion asserts that based on the First Step Act, his drug convictions no longer qualify to make him a career offender and subject to a mandatory life sentence. (Docket 1403 at p 1). He cites a number of cases from other jurisdictions in support of his argument. Id. at pp. 3-4. Mr. Olivares also argues the 851 Information was improperly presented to the court without being first considered by a grand jury. Id. at

6

p. 5.  Finally, he contends the 851 Information "was used as a scar[e] tactic to get me to take a deal of 20 years" to which he "said no!"  Id. at p. 6 (capitalization omitted).   For these reasons, Mr. Olivares seeks a time served sentence under section 404 of the First Step Act.  Id. at p. 7.

The government opposes Mr. Olivares' section 404 motion.  (Docket 1407).  The government recognizes "Section 404 of the First Step Act . . . makes retroactive the portions of the Fair Sentencing Act of 2010 . . . that lowered the threshold quantities triggering different statutory penalties for certain offenses involving cocaine base (crack cocaine)."  Id. at p. 2 (internal citation omitted).  Because Mr. Olivares "was convicted of offenses involving methamphetamine" not crack cocaine, the government argues he "is not eligible for reduction of his sentence pursuant to the First Step Act."  Id. at p. 3 (references omitted).

The Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372, "reduced the sentencing disparity between cocaine base and powder cocaine[.]"  McDonald, 944 F.3d at 771 (referencing Dorsey v. United States, 567 U.S. 260, 269 (2012); other internal reference omitted).  Those "changes did not apply to defendants sentenced before August 3, 2010." Id. (referencing Dorsey, 567 U.S. at 263).  "The Fair Sentencing Act . . . modified the statutory sentencing range only for crack cocaine offenses." United States v. Gonzalez-Oseguera, Crim. No. 06-00593, 2019 WL 1270916, at *1 (D. Haw. Mar. 19, 2019).

The First Step Act made "certain provisions of the Fair Sentencing Act retroactive." McDonald, 944 F.3d at 771. "[S]ection 404(b) of the First Step Act allows a district court to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.' " Id. (citing First Step Act § 404(b)). "A 'covered offense' is defined as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010.' " Id. (citing First Step Act § 404(a)). "Section 404 is the only First Step Act provision that applies retroactively." United States v. Amphavannasouk, CR 03-40111-4, 2019 WL 6895946, at *2 (D.S.D. Dec. 18, 2019).

Mr. Olivares' drug convictions are not a "covered offense" under § 404 of the First Step Act because they involve methamphetamine not crack cocaine. Id. See also United States v. Jones, No. 3:94-cr-00090, 2019 WL 1586814, at *2 (M.D. Tenn. Apr. 12, 2019), aff'd, No. 19-5433, 2019 WL 5436199 (6th Cir. Sept. 12, 2019) (Section 404 only applies to crack cocaine offenses); United States v. Copple, Case No. 17-cr-40011-009, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019) (First Step Act applies only to crack cocaine offenses); Gonzalez-Oseguera, 2019 WL 1270916, at *2 (same).

The cases cited by Mr. Olivares in support of his section 404 motion were all cocaine cases. (Docket 1403 at pp. 3-4). See United States v. Lee, Case No. 1:08CR00024-007, 2019 WL 3073992, at *2 (W.D. Va. July 15, 2019)

8

(cocaine base); United States v. Biggs, Case No. 05 CR 316, 2019 WL 2120226, at *1 (N.D. Ill. May 15, 2019) (crack cocaine); United States v. Simons, 375 F. Supp. 3d 379, 387 (E.D.N.Y. 2019) (crack cocaine); United States v. Newton, Case No. 5:02-CR-30020, 2019 WL 1007100, at *1 (W.D. Va. Mar. 1, 2019) (cocaine base);[12] United States v. Foreman, No. 1:06-CR-30, 2019 WL 3050670, at *1 (W.D. Mich. July 12, 2019) (crack cocaine); United States v. VanBuren, Case No. 3:00-CR-00066-1, 2019 WL 3082725, at *1 (W.D. Va. July 15, 2019) (cocaine base).

Mr. Olivares' motion for relief under section 404 of the First Step Act is denied.

B.   SECTION 401

In simplistic terms, Mr. Olivares seeks compassionate release under section 401 of the First Step Act.  (Docket 1398).  The government opposes Mr. Olivares' motion.  (Docket 1402).

EXHAUSTION

It is unclear from the record whether Mr. Olivares complied with the condition precedent mandated by § 3582(c)(1)(A) and sought relief from the BOP under the First Step Act before bringing his motion before the court.  See Docket 1409-1 at pp. 1 & 18-19.  Having dealt with the defendant over the past decade, the court believes the motion for compassionate reduction in

---

[12]Mr. Olivares mistakenly cited this case as United States v. Mitchell. (Docket 1403 at p. 4).

9

sentence is too important and requires attention to detail that cannot be left in the hands of Mr. Olivares appearing *pro se*.  See Docket 1409-1 *passim*.  For these reasons, the court will stay these proceedings and appoint Attorney Stephen Demik under the Criminal Justice Act, 18 U.S.C. §3006A, to represent Mr. Olivares in this case.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's motions (Dockets 1398 & 1403) are denied in part and stayed in part consistent with this order.

IT IS FURTHER ORDERED that the government's motion to dismiss (Docket 1402) is granted in part as to Section 404 and stayed in part consistent with this order.

IT IS FURTHER ORDERED that defendant's motion for relief under Section 404 of the First Step Act (Docket 1403) is denied.

IT IS FURTHER ORDERED that Attorney Demik is appointed pursuant the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Mr. Olivares.

Dated May 26, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE