UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>LUIS OLIVARES,<br><br>                Defendant. | CR. 10-50118-01-JLV<br><br>ORDER |

**INTRODUCTION**

On November 8, 2021, the court vacated the May 27, 2015, judgment imposed in Mr. Olivares' case. (Docket 1438 at p. 31) (referencing Docket 1166). On February 23, 2022, the government filed a motion for reconsideration. (Docket 1450). The motion for reconsideration was briefed by the parties. (Dockets 1455 & 1458). During informal communications with counsel, the parties agreed the court could resolve the government's motion without a hearing as the issue presented is a legal issue which had been fully briefed. Based on the analysis in this order, the government's motion for reconsideration is granted.

**ANALYSIS**

The history of Mr. Olivares's case is fully documented in the November 8, 2021, order ("2021 Order") and need not be restated here. See Docket 1438 at pp. 1-6. That history is incorporated herein by reference. Id.

Relevant to this order is the analysis of the 2021 Order which focused on "§ 401 of the First Step Act in combination with 18 U.S.C. § 3582(c)(1)(A)." (Docket 1438 at p. 13).   The 2021 Order considered the significant impact the First Step Act had on "the interface between 18 U.S.C. § 851 and 21 U.S.C. § 841(b)(1)."  Id. at p. 17.  "As a result of the First Step Act," Mr. Olivares's 2005 Arapahoe County, Colorado conviction did "not qualify as a prior 'serious drug offense.' "  Id. at p. 24 (citing 18 U.S.C. § 924(e)(2)(A)(ii)).   By "[s]triking the Arapahoe County conviction from the [18 U.S.C. §] 851 Information," the court found "Mr. Olivares faces a mandatory minimum of 15 years up to life imprisonment under 21 U.S.C. 841(b)(1)(A) and not a mandatory life sentence." Id. at p. 25.

"Applying the First Step Act," the court found the inhumanity of a life sentence "constitutes a 'extraordinary and compelling reason' for granting a compassionate reduction in Mr. Olivares' sentences for the convictions on counts 1 and 5 [the conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine convictions]."  Id. (citing 18 U.S.C. § 3582(c)(1)(A)(i)).   The court also found

> [T]he sentencing disparity—which would result by not granting Mr. Olivares' motion when compared to a defendant sentenced after the First Step Act with the same prior serious drug offense—that disparity constitutes an additional, extraordinary and compelling reason supporting a compassionate reduction in Mr. Olivares' sentences.

Id. at pp. 25-26.   As part of the 2021 Order analysis, the court considered the 18 U.S.C. § 3553(a) factors.  Id. at pp. 26-30.   In conclusion, the court granted

"Mr. Olivares' motion for compassionate relief because it is supported by extraordinary and compelling reasons as well as the § 3553(a) factors." Id. at p. 30. With this decision, the court vacated the May 27, 2015, judgment (Docket 1166) and scheduled Mr. Olivares for resentencing. Id. at pp. 31-32.

The government's motion for reconsideration submits that "[s]ince the Court issued its order, the Eighth Circuit Court of Appeals has definitively held district courts do not have such authority." (Docket 1450 at p. 1) (citing United States v. Crandall, 25 F. 4th 582 (8th Cir. 2022)). The government argues that while the defendant "is not challenging statutorily mandated consecutive [18 U.S.C. §] 924(c) sentences, the mandatory imposition of life based on the § 851 Information follows the same legal analysis." Id. at p. 3. Citing Crandall, the government points out the Eighth Circuit "joined those circuits that have ruled 'that a non-retroactive change in law cannot be an extraordinary and compelling circumstance that justifies compassionate release.'" Id. (citing Crandall, 25 F. 4th at 585). Because "[t]he reduced penalties under § 410 . . . are not retroactive," the government asserts Mr. Olivares "was properly sentenced to life in prison." Id. at p. 4 (referencing United States v. McGee, 992 F.3d 1035, 1046 (10th Cir. 2021); Docket 1438 at 19). Based on its analysis of Crandall, the government moves the court to "reinstat[e] its judgment (Docket 1166) imposed on May 27, 2015." Id. at p. 5.

In response, Mr. Olivares argues "[t]he government seeks to prevent and prohibit the Court from reducing a draconian mandatory sentence—a sentence

3

4

the Court did not believe was just at the time and whose view has since been vindicated by the clear Congressional intent in enacting the [First Step Act]." (Docket 1455 at p. 1). Defendant asserts the government's contention misstates Crandall. Mr. Olivares submits the Eighth Circuit "stated that 'Congress from time to time prospectively increases or decreases existing criminal penalties, so that circumstance *may* not be "extraordinary" *as an empirical matter*. Even if it were, the circumstance *here* would not be a "compelling' reason to reduce a sentence." ' " Id. at p. 2 (citing Crandall 25 F. 4th at 586; emphasis in brief). Defendant contends that " 'here' in that sentence refers to a career bank-robber with a history of violent offenses. Crandall, unlike Mr. Olivares was deemed a 'career offender' under the guidelines." Id. As Crandall involved the application of § 924(c) and "not a mandatory minimum life sentence for a victimless drug conspiracy[,]" Mr. Olivares concludes Crandall "is not some absolute bar to compassionate release relief in this case." Id.

In reply, the government points out the Eighth Circuit recently "reaffirmed the conclusion reached in Crandall." (Docket 1458 at p. 2) (referencing United States v. Taylor, 28 F.4th 929 (8th Cir. 2022)). The government submits Taylor concluded " 'proffered rehabilitation was not by itself an extraordinary and compelling reason' and the holding in Crandall foreclosed combining a non-retroactive change in the law as an extraordinary and compelling reason." Id. (citing Taylor, 28 F. 4th at 930).

4

Since the 2021 Order the Eighth Circuit clearly spoke. "[W]e conclude that a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." Crandall, 25 F.4th at 586. While this court firmly believes the First Step Act was intended to give district courts the authority to change a defendant's mandatory life sentence to a minimum of 15 years to life, Crandall and Taylor direct otherwise. Based on the Eighth Circuit decisions, this court has no authority to vacate Mr. Olivares' original judgment.

Accordingly, it is

ORDERED that the government's motion (Docket 1450) is granted.

IT IS FURTHER ORDERED that the November 8, 2021, order as it relates to defendant's motion for relief under § 401 of the First Step Act (Docket 1438 at p. 31) is vacated.

IT IS FURTHER ORDERED that the judgment of May 27, 2015, (Docket 1166) is reinstated.

IT IS FURTHER ORDERED that Mr. Olivares is remanded to the custody of the United States Marshals Service for return to the custody of the United States Bureau of Prisons to complete the sentence imposed by the May 27, 2015, judgment.

IT IS FURTHER ORDERED that the April 25, 2022, order relating to a competency evaluation of Mr. Olivares (Docket 1472) is vacated as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall deliver a copy of this order to the United States Marshals Service.

Dated May 16, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE